NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-812

COMMONWEALTH

vs.

DANA R. SANTOS.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Following a jury trial in the District Court, the defendant was convicted of assault and battery, G. L. c. 265, § 13A (a), and malicious destruction of property, G. L. c. 266, § 127.[1]  On appeal, the defendant argues that the trial judge erred by not giving a missing witness instruction to the jury after allowing, over the Commonwealth's objection, the defendant to make a missing witness argument in closing.  We affirm.

---

[1] The defendant was found not guilty of threatening to commit a crime, G. L. c. 275, § 2, and assault and battery by means of a dangerous weapon, G. L. c. 265, § 15A (b).  At the Commonwealth's request, the trial judge dismissed a charge of assault and battery on a family or household member subsequent, G. L. c. 265, § 13M (b).

Background.  Based on the evidence at trial, the jury could have found that in June 2024, the defendant was drinking at a bar with his girlfriend, the victim; his friend; and a woman who was not identified at trial.  After the bartender told the defendant that he would not be served any more alcoholic beverages, the defendant became visibly upset, "disrupt[ed]" the barstools, and threatened to "shoot people" in the bar.  The bar owner and several bar patrons asked the defendant to leave, and the patrons began to escort him out of the front door of the bar.  The defendant continued yelling and then punched the front door, shattering the glass.  Some of the people the defendant was with, including the victim, went outside with him.

The owner of the bar testified that while the defendant was outside, she saw him hit the victim and push her head into the broken glass door, which lacerated the victim's head, causing it to bleed.  The patrons eventually separated the victim from the defendant and restrained him until the police arrived.

The Commonwealth did not call the victim as a witness at trial.  However, the victim was present in the courtroom before trial, when the defendant tendered a guilty plea, which was later withdrawn, and she told the Commonwealth that she did not wish to be heard and asked that the case be dismissed.  At the close of the Commonwealth's case, the trial judge denied the

2

defendant's request for a missing witness instruction. Despite this denial, the defendant still made a missing witness argument in his closing to the jury, stating that the Commonwealth did not call the victim "[b]ecause she wouldn't help their case." The trial judge overruled the Commonwealth's objection to the defendant's closing argument; the judge did not give a missing witness instruction to the jury.

Discussion. The defendant argues that because the trial judge allowed the defendant's missing witness argument to stand over the Commonwealth's objection, it was error for the trial judge not to give a missing witness instruction. We are not persuaded.

"We review a judge's determination that a missing witness instruction is inappropriate for abuse of discretion." Commonwealth v. Andrade, 98 Mass. App. Ct. 395, 400 (2020).

> "A missing witness instruction is appropriate when a party 'has knowledge of a person who can be located and brought forward, who is friendly to, or at least not hostilely disposed toward, the party, and who can be expected to give testimony of distinct importance to the case,' and the party, without explanation, fails to call the person as a witness."

Commonwealth v. Saletino, 449 Mass. 657, 667 (2007), quoting Commonwealth v. Anderson, 411 Mass. 279, 280 n.1 (1991). "Such an instruction should not be given where the Commonwealth has legitimate tactical reasons for not calling the witness."

3

Saletino, supra at 668. "If the judge determines that a missing witness adverse inference is not appropriate in a given case, the jury should not, regardless whether by argument or by an instruction, be given the option of drawing that inference . . . ." Id. at 671.

Here, the defendant was not entitled to either a missing witness instruction or argument because the foundational requirements for the instruction were not met. Given that the victim told the Commonwealth in the courtroom that she did not wish to testify and asked that the charges against the defendant be dismissed, the Commonwealth had "logical tactical reasons" for deciding not to call her to testify. Saletino, 449 Mass. at 668 (Commonwealth had "logical tactical reasons" for not calling informant witness where defense counsel indicated his intent to impeach witness with prior convictions and judge stated impeachment evidence would be admissible). See Anderson, 411 Mass. at 282-283 ("if the circumstances, considered by ordinary logic and experience, suggest a plausible reason for nonproduction of the witness, the jury should not be advised of the inference"). Thus, the trial judge properly denied the defendant's request for a missing witness instruction before closing arguments.

Because the foundational requirements for a missing witness instruction were not met, it was error for the trial judge to allow defense counsel to make the missing witness argument to the jury.[2]  See Saletino, 449 Mass. at 670.  But such error was harmless to the defendant.  In being allowed to make the missing witness argument despite the lack of foundation to do so, "the defendant got more than he was entitled to in the first place." Id. at 672.

Judgments affirmed.

By the Court (Henry, Hand & Allen, JJ.[3]),

Clerk

Entered:  February 6, 2026.

---

[2] In fairness to the trial judge, defense counsel did not request permission to make the missing witness argument after the judge denied his request to instruct the jury on the issue.

[3] The panelists are listed in order of seniority.